THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST LANGLEY and<br>ELIJAH SCARBORO,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF NEW YORK, and NYPD<br>Officers  JOHN DOES 1 through 4,<br>individually and in their official<br>capacities,<br>　　　　　　　　　　Defendants. | CIV. NO.:25-CV-5988 (MKB)(MMH) |

# **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**

　　　　　　　　　　　　　　　　　　　　Michael J. Redenburg, Esq. P.C.
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*
　　　　　　　　　　　　　　　　　　　　32 Broadway, Suite 412
　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　(212) 240-9465

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………….…………………………….....…ii

**PRELIMINARY STATEMENT**………………….…………………………………………..1

**STATEMENT OF THE FACTS**………………….…………………………...……….…1

**POINT I**
**AN AMENDMENT TO THE COMPLAINT IS NECESSARY AND PROPER IN THE INTERESTS OF JUSTICE AND JUDICIAL EFFICIENCY**…………………………...3

      A.  **Clearly, defendants would not have to expend significant additional resources to conduct discovery and prepare for trial** ……………........4

      B.  **The amendment would cause no delay in the resolution of the dispute**……………………………………………………………………….4

**CONCLUSION**……………………………………………………………………...………5

# **TABLE OF AUTHORITIES**

**CASES:**

Page(s)

*Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993);……………………………....…3

*Cemar Tekstil Ithacat Ihracat San ve Tic. A.S. v. Joinpac, Inc.,*
1993 WL 126890 (SDNY 1993)……………………………………………………………… 3

*Dluhos v. Floating and Abandoned Vessel Known as "New York,"*
163 F.3d 63 (2d Cir. 1998)………………………………………………………………………….3

*Monahan v. New York City Dep't of Corrections,*
214 F.3d 275 (2d Cir.2000)……………………………………………………………...……… 4

*Purdy v. Town of Greenburgh,*
166 F.Supp.2d 850 (SDNY 2001)……………………………………………………………...3

*State Teachers Retirement Bd. V. Flour Corp.,*
654 F2d 843 (2d Cir. 1981)……………………………………………………………………….3

*Twisted Records v. Rauhofer,*
2005 WL 517328 (SDNY, 2005)……………………………………………………....…3,5

**STATUTES:**

*Fed.R.Civ.P. 15*(a)……………………………..……………………………………….*passim*

## PRELIMINARY STATEMENT

Plaintiffs ERNEST LANGLEY and ELIJAH SCARBORO make the instant motion for leave to amend their Complaint, pursuant to Federal Rule of Civil Procedure, Rules 15(a) and 15(c). More specifically, Plaintiff seeks to amend the caption and the parties section of the Complaint to properly allege the correct parties responsible for the wrongs perpetrated against them. Plaintiffs' motion is timely pursuant to the Discovery Plan and Scheduling Order (Document 11), Item C1. A *redlined* version of the proposed Amended Complaint is attached as **Exhibit 1**.

## STATEMENT OF THE FACTS

### The Incident

1. The Incident which is the subject of the instant Complaint took place on April 28, 2025 at approximately 6:30-7:00 p.m., and at or near Sutter Avenue and Mother Gaston Blvd.

2. Plaintiff ELIJAH SCARBORO was sitting on a public bench at or near Sutter Avenue and Mother Gaston Blvd., not engaging in any criminal activity.

3. Plaintiff ERNEST LANGLEY opened the back passenger side door of a car parked near the bench on which ELIJAH SCARBORO sat, to charge his phone.

4. Next, NYPD Officers ran up on ERNEST LANGLEY and asked him what he was doing, with a physical confrontation ensuing.

5. Things escalated from there, and NYPD Officer DAHEEM MORRIS began physically attacking ERNEST LANGLEY causing injury to his ribs, left shoulder, neck and lower back.

6. Plaintiff ELIJAH SCARBORO tried to stop the NYPD Officer DAHEEM MORRIS from attacking his cousin, ERNEST LANGLEY, and was also attacked by the NYPD

1

Officers HENRY ALVARADO and JUSTIN ANORMALIZA, being punched in the head while down on the ground and having his left shoulder injured.

7. Both Plaintiffs were arrested, and charged with dubious criminal and non-criminal charges, taken to the Precinct and then to Central Booking.

8. Both Plaintiffs were released on their own recognizance after appearing before a Judge.

9. After numerous court appearances, both of the Plaintiffs' cases were dismissed and sealed.

10. As a result of the foregoing, Plaintiffs ERNEST LANGLEY and ELIJAH SCARBORO suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care and treatment and all to their detriment.

A. **Relevant Procedural Facts:**

On February 6, 2026, counsel for the defendant City of New York produced the names of the officers involved in the Incident at issue in this litigation and also provided their body worn cameras. Accordingly, I had Plaintiff ELIJAH SCARBORO come to my office on February 10, 2026, watch the body cam footage, and identify the officers that would replace the "Does" in the originally filed Complaint.

In this instance, the granting of Plaintiff's request to amend the Complaint will not result in any undue delay, bad faith, futility of the amendment, or prejudice to the opposing parties. Claims are timely and the names of the defendants sought to be added were in the exclusive possession of defendants from the commencement of the lawsuit, thereby causing no prejudice. Furthermore, an amendment of the Complaint would not cause any unreasonable delay in this

matter because the parties are still in the process of discovery. This request is being made in good faith. And importantly, this Amendment is consistent with the Discovery Plan and Scheduling Order dated January 29, 2026, Document 11, and signed by The Hon. Marcia M. Henry.

**POINT I**
**AN AMENDMENT TO THE COMPLAINT IS NECESSARY AND PROPER IN THE INTEREST OF JUSTICE AND JUDICIAL EFFICIENCY**

"Under Rule 15(a), leave to amend 'shall be freely given when justice so requires'." *Infra*, citing, *Fed.R.Civ.P.* 15(a). "A motion to amend should be denied, however, "if there is an 'apparent or declared reason-such as undue delay, bad faith or dilatory motive…, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment'." Twisted Records v. Rauhofer, 2005 WL 517328 (SDNY, 2005), *citing,* Dluhos v. Floating and Abandoned Vessel Known as "New York," 162 F.3d 63, 69 (2d Cir. 1998).

"Mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for denying a motion to amend." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993); *quoting,* State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Although courts have recognized that prejudice tends to increase with delay, delay alone is seldom reason to deny a motion to amend."). Further, "the mere fact that discovery has concluded does not provide a reason for denying leave to amend, especially where the new claim arises from the same set of operative facts as the original claims." [*emphasis added*]. "Cemar Tekstil Ithalat Ihracat San ve Tic A.S. v. Joinpac, Inc., 1993 WL 126890, at *1 (SDNY 1993) (allowing amendment to add a counterclaim where discovery had already closed); Purdy v. Town

3

of Greenburgh, 166 F.Supp.2d 850, 859 (SDNY 2001) (allowing plaintiff to amend complaint despite moving after discovery was closed).

"In determining whether a party's interests will be unduly prejudiced by an amendment, courts generally consider "whether the assertion of the new claim…would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction," Monahan v. New York City Dep't of Corrections, 214 F3d 275, 284 (2d Cir. 2000).

### A. Clearly, Defendants would not have to expend significant additional resources to conduct discovery and prepare for trial:

Plaintiff seeks to amend the caption and parties section of the Complaint to properly allege the correct parties responsible for the wrongs perpetrated against the Plaintiffs. In the case at bar, the amendment of the Complaint would not require defendants to expend such significant additional resources to the extent that such burden, if any, would outweigh Plaintiff's interest in amending his Complaint. Moreover, an amendment to the caption and parties section to properly allege the correct parties responsible for the wrongs perpetrated against the Plaintiffs does not change the legal arguments at issue in this case. The factual allegations are essentially the same course of conduct complained of in the Complaint, and the Defendants cannot assert prejudice relating to Plaintiff's amendment of the Complaint at this juncture.

### B. The amendment would cause no delay in the resolution of the dispute:

For the same reason as stated above, there will be no delay to the resolution of this dispute whatsoever because all deadlines as set forth Discovery Plan and Scheduling Order will still be easily met.

## **CONCLUSION**

Given the above circumstances, it is respectfully submitted that allowing Plaintiffs to amend their complaint in this matter would be appropriate and warranted. As the "decision whether to grant leave to amend is within the sound discretion of the Court" (Twisted Records v. Rauhofer, *supra*), Plaintiffs respectfully aver that granting leave to amend the Complaint would be proper and consistent with the Discovery Plan and Case Scheduling Order.


Dated: February 11, 2026
   New York, NY


                Respectfully Submitted,

                **s/Michael J. Redenburg**
                Michael J. Redenburg (NY #MR4662)
                MICHAEL J. REDENBURG, ESQ. PC
                32 Broadway, Suite 412
                New York, NY 10038
                mredenburg@mjrlaw-ny.com
                1-212-240-9465 (Phone)
                1-917-591-1667 (Fax)